**SO ORDERED.**

**SIGNED this 07 day of January, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **DONNA RAYE LOWTHER,** | **CHAPTER 13** |
| | **CASE NUMBER: 10-04155-8-JRL** |
| **DEBTOR.** | |
| | |
| **DANA L. LEAGUE,** | **ADVERSARY PROCEEDING** |
| | **NO.  10-00212-8-JRL** |
| **Plaintiff,** | |
| v. | |
| **DONNA RAYE LOWTHER,** | |
| **Defendant.** | |

_____

**ORDER**

This matter came before the court on the defendant's motion to dismiss complaint and the plaintiff's motion for judgment on the pleadings.  A hearing was held on November 23, 2010, in Raleigh, North Carolina.

**BACKGROUND**

In March 2005, the plaintiff and defendant were involved in a traffic accident in Omaha,

Nebraska. The defendant operated her vehicle without liability insurance, as required by Nebraska law. As a result of the collision, the plaintiff suffered injury by aggravating a previous chronic condition of degeneration of the lumbar L-5 Disc. Subsequently, the plaintiff filed a civil action in Douglas County, Nebraska seeking damages under a theory of negligence. The plaintiff contends that the defendant entered the intersection turning left against a red light. Contrary to the plaintiff's statement, the defendant argues that she entered the intersection on a left green arrow but was unable to turn before the arrow faded, resulting in a citation for failure to yield.

On July 15, 2009, the plaintiff received a judgment against the defendant in the amount of $22,873.00 and court costs of $50.74 with interest in the amount of 2.427% per annum. The plaintiff asserts that the judgment awarded is non-dischargeable under 11 U.S.C. § 1328(a)(4). Conversely, the defendant argues that because the complaint in state court case alleged only negligence, the right to assert that defendant's actions were willful or malicious is lost and the debt should be discharged.

## ANALYSIS

A non-dischargeable debt under 11 U.S.C. § 1328(a)(4) differs in two, possibly three, respects from a non-dischargeable debt under 11 U.S.C. § 523(a)(6). First, pursuant to § 1328(a)(4) a debt is non-dischargeable if awarded in a civil action as a result of willful *or* malicious injury. (Emphasis added). This is a lesser standard than § 523(a)(6) which requires an injury be both willful and malicious. 10 Collier on Bankruptcy ¶ 1328.02[3][k](Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.), In re Buck, 406 B.R. 703 (Bankr. E.D.N.C. 2009). Second, in a chapter 7 bankruptcy case, the injury at issue may be to either person or property.

In chapter 13 the injury must be to person alone. In re Derryberry, 367 B.R. 616, 617 (Bankr. E.D.T.N. 2007).  The third difference depends on the interpretation of ambiguous statutory language.  Courts are split as to whether a judgment "awarded" is interpreted as a past tense verb or a past participle modifying a noun.  *See*, In re Byrd, 388 B.R. 875 (Bankr. C.D. Ill. 2007), In re Taylor, 388 B.R. 115 (Bankr. M.D. Pa. 2008).  That issue is not determinative here, as in the present case, a civil judgment was awarded against the debtor on July 15, 2009; therefore, the timing of the judgment and its effect on dischargeability are not at issue.  What remains before this court is: (1) whether the plaintiff is precluded by res judicata from arguing that the debtor's actions were willful or malicious; and (2) if the actions of the debtor were willful or malicious within the meaning of § 1328(a)(4).

**1. Res Judicata**

The determination of dischargeability is brought before the court by adversary proceeding.  Fed. R. Bankr. 4007.  A separate action from the main bankruptcy case, the creditor seeking the determination of a particular debt by adversary proceeding sues on the instrument which created the debt.  Brown v. Felsen, 442 U.S. 127, 135,  99 S.Ct. 2205, 2211 (1979).  As the Supreme Court noted, a plaintiff seeking non-dischargeability "[is] not assert[ing] a new ground for recovery, nor does he attack the validity of the prior judgement.  Rather, what he is attempting to meet . . . is the new defense of bankruptcy. . . ." Id., 442 U.S. 127 at 133. Therefore, res judicata does not confine bankruptcy courts to the prior state court record and additional evidence may be offered.  Id. at 138-139.  Moreover, a fair reading of the law in the Fourth Circuit encourages bankruptcy courts to look at and beyond the evidence of record in state court when determining dischargeability.  *See*, In re Raynor, 922 F.2d 1146 (4th Cir.

3

1991)(a default judgment in state court awarding damages for fraud could not be invoked as res judicata as to whether the debt should be discharged where the issue of fraud was not actually litigated); In re Duncan, 448 F. 3d 725 (4th Cir. 2006)(judgment debt from a wrongful death action was decided on a different standard than the one controlling the resolution of whether the injury was willful and malicious under § 526(a)(6)).

The formal Nebraska judgment has not been placed in the record before this court; however, the parties acknowledge and agree that it is founded upon negligent driving which led to personal injury. Negligent driving is judged by a different legal standard than whether the resulting injury was wilfully or maliciously inflicted pursuant to the Code. Accordingly, res judicata does not prevent this court from determining the dischargeability of the judgment debt. Those issues presented under § 1328(a)(4) are ripe for review.

**2. Willful or Malicious pursuant to § 1328(a)(4)**

This court previously considered the statutory requirements of willful and malicious as they applied under § 523(a)(6). In re Buck, 406 B.R. 703 (Bankr. E.D.N.C. 2009). As noted above, differences exist between the discharge provisions of § 523 and § 1328; however, there is no impact on the definitions of the terms willful and malicious. The key difference in the analysis of the present case lies in the lesser burden on the plaintiff. Pursuant to § 1328(a)(4) the plaintiff must only show that the defendant's actions satisfy one of the statutory requirements, not both.

A finding of willfulness mandates "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Buck, 406 B.R. at 706 (citing, In re Geiger, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed. 2d 90 (1998)). While driving without liability insurance is

a wrongful act under the laws of Nebraska, it is not a deliberate injury.  Nor, is "[t]he mere act of driving without insurance or ability to compensate an injured party . . . certain to cause injury." Pechar v. Moore, 98 B.R. 488, 490 (D. Neb. 1988).  It is uncontested that at the time of the accident the defendant drove without insurance.  While the defendant was wrong to do so, she did not deliberately or willfully commit injury as required by § 1328(a)(4).

Were this an analysis under § 523, the debt would be dischargeable without further consideration; however, the question of malice remains.  For the purpose of determining dischargeability, malice means that the defendant knew his actions were wrong.  Buck, 406 B.R. at 706.  Pursuant to Fed. R. Civ. P. 12(b), as incorporated in Bankr. R. 7012, the court must accept the complaint as true and accurate.  The complaint alleges that the defendant knew or should have known that she operated an automobile without liability insurance.  In her answer, the defendant denies knowledge that the insurance policy lapsed prior to the accident, stating that she offered proof of the lapsed insurance to the police officer who arrived at the scene under the belief the policy was current. Viewing the pleadings in a light most favorable to the non-moving party, the issue of the defendant's knowledge is unresolved.

The court cannot say with certainty that the facts of the case support a finding of malice. Therefore, based on the foregoing, the motion for judgment on the pleadings and motion to dismiss are **DENIED**.

**END OF DOCUMENT**